

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom F. Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-2856
Re: Can a county commissioner
legally purchase supplies from
a business owned and operated
by his brother for use by his
county to be paid for with
county funds?

The above question is presented in your request
for an opinion of this department as contained in your letter
of October 22nd.

According to your letter, the supplies customarily
purchased by the commissioner are items for use in the construc-
tion and repair of the county roads within his precinct, pur-
chased without competitive bids and we therefore assume such
purchases are made under the emergency provisions of Article
1659, Revised Civil Statutes, upon requisition as therein pro-
vided. Article 373, Vernon's Penal Code, provides:

"If any officer of any county, or of any
city or town shall become in any manner pecuniarily
interested in any contracts made by such county,
city or town, through its agents, or otherwise, for
the construction or repair of any bridge, road,
street, alley or house, or any other work undertaken
by such county, city or town, or shall become in-
terested in any bid or proposal for such work or in
the purchase or sale of anything made for or on
account of such county, city or town, or who shall
contract for or receive any money or property, or
the representative of either, or any emolument or
advantage whatsoever in consideration of such bid,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

The above statute was construed in Rigby v. State, by the Court of Appeals, 10 S. W. 761, in which it was declared that manifestly, the Legislature in enacting the statute, intended thereby to protect counties, cities and towns from official peculation. Whether a commissioner is "pecuniarily interested" as that term is used in the statute, is generally a question of fact. As disclosed in your request, the business is owned and operated by the commissioner's brother and it does not appear that the commissioner is pecuniarily interested in making such purchases as agent of the county.

We held in our opinion No. 0-863 rendered to you on the date of July 6, 1939, that a contract for laundry work between the board of managers of the county hospital and the laundry, one of the owners of the laundry of which is a doctor and member of the board, is contrary to public policy and void. We are unable to bring the contracts and purchases made as stated in your request within the holding of this opinion and the rule announced in 10 Texas Jurisprudence, paragraph 211 as cited by you in your letter, as we think the cases supporting such rule are clearly to be distinguished.

It is therefore the opinion of this department that it is not illegal for a county commissioner to purchase emergency supplies for construction and repair of county roads as an agent of the county under authority of the court from a brother who owns and operates a business, where the commissioner is not pecuniarily interested in the contract.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WJRK:rw

APPROVED DEC 3, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS